UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE
HONORABLE KAREN M. WILLIAMS

UNITED STATES OF AMERICA          :

    v.                            :          Criminal No. 24-267(KMW)

                        :

JAMES WESSELS,

                        :

        Defendant.          DECLARATION OF
                        MARK W. CATANZARO

    Mark W. Catanzaro, Esquire, hereby declares:

    1.    I am an attorney at law licensed to practice before the United States District Court for the District of New Jersey. I am personally familiar with the facts contained in this Declaration.

    2.    I was appointed by the Honorable Ann Marie Donio, USMJ, to represent James Wessels pursuant to the Criminal Justice Act, docket number 23 mj 2023, on July 18, 2023.

    3.    On April 17, 2024, an indictment was returned against Mr. Wessels, Eric Rivera and Adrienne Ponzo for the conduct giving rise to the original charges.  The indictment was given criminal number 24-267 and assigned to the Honorable Karen M. Williams, USDJ.

    4.    The government is represented by the Assistant United States Attorney Daniel Friedman.  Ms. Ponzo is represented by Troy

Archie, Esquire.

5.    On April 17, 2024, Mr. Friedman sent an email to myself, Mr. Archie and Thomas Burke, who was then representing Mr. Rivera pursuant to the Criminal Justice Act, concerning discovery and he requested two hard drives to provide discovery to the defendants. One hard drive was to be at least 4 TB and one at least 10 TB. (A true and correct copy of the email is attached as Exhibit "A").

6.    On April 22, 2024, the blank hard drives were delivered to the United States Attorney's Office. At my request Mr. Friedman agreed that once the discovery was downloaded, he would have the hard drives sent to Cornerstone Discovery in Philadelphia, Pennsylvania.

7.    On May 28, 2024, Mr. Friedman advised that the hard drives were being sent to Cornerstone and would arrive that week.

8.    On June 13, 2024, I wrote to Mr. Friedman and noted that Mr. Archie and my office would be using Cornerstone and we did not have a joint defense agreement. I wanted to determine if the discovery received by Mr. Archie was different than provided to my office in order to segregate information out if different. Mr. Friedman responded by email that each defendant had received exactly the same discovery. (A true and correct of the emails are attached hereto as Exhibit "B").

9.    Mr. Archie, on behalf of Adrienne Ponzo, has filed a "MOTION TO COMPEL PRODUCTION PURSUANT TO BRADY v. MARYLAND, 373, U.S. 83 (1963)" (Docket Entry 50). The motion identifies

significant issues in the manner in which the discovery was produced which he submits is violative of the Brady doctrine.

10. As noted above, the discovery production was identical to both defendants and processed by Cornerstone Discovery. I received a similar letter as Mr. Archie concerning the manner in which discovery was provided. The document was provided in Word format on November 26, 2024. When I opened the document to attach to this declaration, it automatically changed the date to December 4. I have not altered the contents of the letter in any fashion. (A true and correct copy of the  letter addressed to me is attached as Exhibit "C").

11. Wessels joins in the application that has been made by Ponzo as it is equally applicable to Wessels and adopts the arguments contained in the memorandum of law provided by Mr. Archie.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 4, 2024          /s/ Mark W. Catanzaro
                                 Mark W. Catanzaro, Esquire
                                 Counsel for James Wessels

**EXHIBIT "A"**

**Mark Catanzaro**

| | |
|---|---|
| **From:** | Friedman, Daniel (USANJ) <Daniel.Friedman2@usdoj.gov> |
| **Sent:** | Wednesday, April 17, 2024 5:18 PM |
| **To:** | Tom Burke; Troy Archie; Mark Catanzaro |
| **Cc:** | Richardson, Jason (USANJ); Frederick, Bethany (USANJ) |
| **Subject:** | U.S. v. Eric Rivera, Adrienne Ponzo, and James Wessels |
| **Attachments:** | Rivera Ponzo Wessels indictment w USA signature.pdf |

Good afternoon,

Today an indictment was returned charging your clients with various criminal offenses. I am sending a copy of the indictment as a courtesy (it is not the signed version that will be filed with the court). I expect the court to reach out to schedule arraignments shortly, and I will be in touch with a proposed continuance and scheduling order.

We are preparing Rule 16 discovery and will need each defendant to send us two hard drives onto which we will copy the discovery. One hard drive should be at least 4TB in size and the other should be at least 10TB. They should be sent to the attention of "Bethany Frederick, Paralegal Specialist" at the address in my signature block below. Additionally, the hard drives need to be from one of the following trusted manufacturers: Western Digital (WD); Seagate; SanDisk; Kingston; Samsung; Toshiba; Crucial; PNY; Apricorn; Avolusion.

We request that the hard drives be provided expeditiously so we can fulfill our discovery obligations. Feel free to reach out with any questions.

Regards,
Dan

**Daniel A. Friedman**
**Assistant United States Attorney**
U.S. Attorney's Office -- District of New Jersey
401 Market Street
Camden, NJ 08101
Tel: (856) 968-4867

1

EXHIBIT "B"

**Mark Catanzaro**

| | |
|---|---|
| **From:** | Friedman, Daniel (USANJ) <Daniel.Friedman2@usdoj.gov> |
| **Sent:** | Thursday, June 13, 2024 9:01 AM |
| **To:** | Mark Catanzaro |
| **Subject:** | RE: Wessels |
| **Attachments:** | 2023 08 02 protective order.pdf |

Mark,

Each defendant has received exactly the same discovery. In the protective order that each defendant signed, the Government is permitted to "produc[e] the ESI Disclosure to all defendants in this case, regardless of whether the ESI was possessed or owned by, only one defendant." The protective order restricts the review by a defendant of another defendant's ESI to identification of items material to the defense. In other words, Ponzo's ESI has been disclosed in full to all defendants but Wessels may only review Ponzo's ESI for materials relevant to the case and not for other purposes. Let me know if you have any questions about this.

Dan

From: Mark Catanzaro <mark@catanzarolaw.com>
Sent: Thursday, June 13, 2024 8:55 AM
To: Friedman, Daniel (USANJ) <DFriedman2@usa.doj.gov>
Subject: [EXTERNAL] Wessels

Dan:

    We are attempting to get the discovery processed and put online for the clients and lawyers to collaborate. We do not have a joint defense agreement and there will be a wall up between what my client and I see/communicate about versus what Troy and his client see and communicate about. It is possible Rivera joins with the same issues. That being said, is the discovery you placed on my 2 hard drives the same as the hard drives Troy and/or Rivera produced? If not, Cornerstone will need to segregate that as well and clean it up before giving us a proposal to take to the court.

    Thank you.

Mark W. Catanzaro
21 Grant Street
Mt. Holly, NJ 08060
609 261-3400 Tel
856 235-4332 Fax
NOTICE:
The contents of this email and any attachments to it contain confidential and/or legally privileged information from the law firm of Mark W. Catanzaro. This information is only for the use of the intended

1

**EXHIBIT "C"**





**4775 League Island Boulevard  |  Philadelphia, PA 19112**
**(P) 267.639.6900  |  www.cornerstonediscovery.com**

December 4, 2024

Mark Catanzaro
21 Grant Street
Mt. Holly, NJ 08060

Re: 24-823 USA v. RIVERA et al (Ponzo, Wessels)

Mr. Catanzaro,

As discussed, this letter is to describe data received for the above-mentioned case, and the time it took to analyze and prepare the data.

Upon initial review, we found that data from multiple devices was generated in different formats. We needed to spend time to examine this more to account for any duplication. On top of this we received standard files, along with a Relativity export in single page tiff format that also needed to be quality checked, processed and loaded to our review platform for easy review.

Cornerstone Discovery received data from multiple devices in various formats. Some data was provided by Apple Inc. Apple provided iOS device backup(s) and iCloud information. This data is made up of images and records from several electronic devices linked to the Apple IDs, it@iaminfluence and queenslogisticsde@gmail. Cornerstone located UFDRs, Axiom reports, and archive files of the above-mentioned accounts as well. As with the other data mentioned, Cornerstone Discovery processed this data, filtered, and removed duplicates to help reviewers save time by eliminating unnecessary or repetitive information.

In addition to the duplication in different formats, we found that there was a large zip file split into 95 parts totaling 2.08 TB. The problem with how this was provided is that the splits of the zip were dispersed across several folders. This caused errors when trying to analyze the contents of the split zip. The 95 parts were saved in different locations on the provided drives. When provided this way the split




**4775 League Island Boulevard  |  Philadelphia, PA 19112**
**(P) 267.639.6900  |  www.cornerstonediscovery.com**

zip did not open properly. The 2.08 TB of data had to be copied locally into one folder for the split zip to open properly. This added additional time to copy, and quality check the contents.

Cornerstone Discovery also received over 3.41 TB of encrypted archive files, that our team examined and determined to be duplicates of provided data in zip format. Our team needed to take time to confirm that this was duplicative to avoid increasing the amount of time needed to review this data.

In total Cornerstone received just over 10 terabytes of data. After spending over a month of processing, deduplication, quality checking data, and loading data for a timely review, we have a review platform with under 3 TB. The data that was sent needed sufficient time to properly handle and get ready for review. The data had duplication, without any documentation listing the reasoning for this duplication, causing an increase in time needed to locate any specific document or category of documents.

If there are additional documents that can point to why specific devices were produced, and the data from those devices that are of key importance, that could help with the review as well. As it stands, the data provided no assistance to the end user. Indices would be useful or guides to what was seen as relevant when the data was produced.


Sincerely,


Shane Herrmann
Cornerstone Discovery