```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
                    HONORABLE KAREN M. WILLIAMS


UNITED STATES OF AMERICA       :

     v.                        :   Criminal No. 24-267(KMW)

                               :
JAMES WESSELS,
                               :
          Defendant.
```

---

### BRIEF IN SUPPORT OF DEFENDANT WESSELS OMNIBUS MOTION

---

/s/ Mark W. Catanzaro
Mark W. Catanzaro, Esquire
21 Grant Street
Mount Holly, New Jersey 08060
Telephone: (609) 261-3400
Facsimile: (856) 235-4332
Mark@catanzarolaw.com
Attorney for Defendant,
James Wessels

**TABLE OF CONTENTS**

                                                                                    Page

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . ii

STATEMENT OF FACTS  . . . . . . . . . . . . . . . . . . . . . .  1

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . 3

     **THE COURT SHOULD ORDER THE DISCLOSURE OF BRADY MATERIAL
     FOR THE REASONS ARTICULATED IN ADRIENNE PONZO'S BRIEF**

     **THE COURT SHOULD SEVER COUNTS 1,2,3,4 AND 8 FROM
     COUNTS 5,6,7,9,10,11,12,13,14,15,16 & 17 AS THE
     INDICTMENT CHARGES TWO SEPARATE CONSPIRACIES AND
     ORDER SEPARATE TRIALS AS TO WESSELS AND PONZO**............. 3

     **THE COURT SHOULD ORDER THE GOVERNMENT TO FILE A
     BILL OF PARTICULARS DISCLOSING THE IDENTITY OF
     THE NON-OPERATING COMPANIES, THE RECRUITS AND ALL
     UNIDENTIFIED INDIVIDUALS SUCH AS CO-CONSPIRATORS
     AND OTHERS**.................................................. 7


**TABLE OF CITATIONS**

**Cases**                                                                 Page

*Kotteakos v. United States*, 328 U.S. 750, 775 (1946). . . . . . . 4

*United States v. Barbosa,* 666 F.2d 704 (1st Cir. 1981 . . . . . . 3

*United States v. Jackson,* 562 F.2d 789 (D.C. Cir. 1977) . . . . . 4

*United States v. Nettles,* 570 F.2d 547, 551-552 (5th Cir 1978) . 4

*United States v. Satterfield,* 548 F.2d 1341 (9th Cir 1977) . . . 4

*United States v. Weisman,* 624 F.2d 1118 (2nd Cir 1980) . . . . . 3

*United States v. Whitehead,* 539 F.2d 1023 (4th Cir 1976) . . . . 4

## STATEMENT OF FACTS[1]

On April 17, 2024, a grand jury returned an indictment charging Eric Rivera, Adrienne Ponzo and James Wessels. (A true and correct copy of the indictment is attached as Exhibit "A"). The indictment commences with the heading, "**COUNT 1** (Conspiracy to Commit Bank Fraud". It then provides, "Background" and a subsection for Individuals and Entities. In doing so, in paragraph 1, it defines, "Lender-1", "Financial Institution-1", "Financial Institution-2", "Financial Institution-3", "Financial Institution-4", "Financial Institution-5", The "Small Business Administration", "Eric Rivera", "Adrienne Ponzo", "James Wessels", "William Ingram", "Yasha Barjona", "Co-Conspirator-1", "Co-Conspirator-2", "Co-Conspirator-3", and "Individual-1". It also defines the Payroll Protection Program created as a result of the pandemic which utilized banks to fund loans to businesses, as well as the Economic Injury Disaster Loan Program which processed loans through the Small Business Administration. Following the definition section in paragraph 1, is the heading, "**The Bank Fraud Conspiracy**". Paragraph 2 charges Eric Rivera and

---

[1] The defendant is utilizing the language in the indictment as the motions are directed to severance, dismissal of a count of the indictment and request for a Bill of Particulars. The law requires that the parties accept the language in the indictment for such motions. Wessels does not adopt the contents and allegations as true for any purpose other than these motions.

1

James Wessels in the bank fraud conspiracy. This count describes Rivera and Wessels involvement in the bank fraud along with others, some identified and others that are not as occurring between January, 2021 and December, 2021. In the paragraphs that follow (3 through 18) describing the alleged conspiracy, Adrienne Ponzo's name is not mentioned. Counts 2 though 4 charge Eric Rivera and James Wessels with three counts of bank fraud. The frauds were to have occurred on March 19, 2021, April 10, 2021 and April 20, 2021 respectively. Once again Ponzo's name is not mentioned. While the indictment alleges that the Conspiracy netted over $5,000,000.00, the substantive bank fraud counts identified by the government total $410,000.00. The conspiracy to commit bank fraud and the bank fraud counts concern the Payroll Protection Plan established by the government funded through banks to assist businesses during the pandemic.

Count 5 of the indictment charges a separate conspiracy to commit wire fraud. Paragraph 2 alleges that Eric Rivera and Adrienne Ponzo committed wire fraud from July 2020 and December, 2020 by obtaining EIDL loans through the SBA. There are no banks involved. Paragraphs 3 through 10 identify the object of the conspiracy and the manner and means of the conspiracy. Counts 6 and 7 charge Rivera and Ponzo with substantive counts of wire

fraud. The loss alleged in the two substantive counts totals $288,600.00. Wessels is not mentioned in any manner as to Counts 5, 6 or 7.

Count 8 charges Wessels with Conspiracy to Engage in Money Laundering. Neither Rivera or Ponzo are mentioned in this count of the indictment. Count 9 charges Rivera and Ponzo with Conspiracy to Engage in Monetary Transactions. Counts 10 through 17 charge the substantive offense of Engaging in Monetary Transactions in Property as to Rivera and Ponzo. Counts 11 and 12 allege Rivera and Ponzo. The balance of the counts are solely as to Rivera. The indictment does not charge, or allege that Wessels had any involvement with the EIDL loans or monetary transactions that involved Ponzo.

**THE COURT SHOULD SEVER COUNTS 1,2,3,4 AND 8 FROM COUNTS 5,6,7,9,10,11,12,13,14,15,16 & 17 AS THE INDICTMENT CHARGES TWO SEPARATE CONSPIRACIES AND ORDER SEPARATE TRIALS AS TO WESSELS AND PONZO**

Wessels adopts the arguments of Ponzo contained in Section I, IA in its entirety and to a limited extent IB.

It is not required that each defendant be charged in every count of the indictment. *United States v. Barbosa*, 666 F.2d 704 (1st Cir. 1981); *United States v. Weisman*, 624 F.2d 1118 (2nd Cir 1980). But, because guilt is both individual and personal, a

3

defendant charged with others has "the right not to be tried *en masse* for the conglomeration of distinct and separate offenses committed by others." Kotteakos v. United States, 328 U.S. 750, 775 (1946). Similarity of offenses is not sufficient for joinder under Rule 8(b). *United States v. Jackson*, 562 F.2d 789 (D.C. Cir. 1977); *United States v. Satterfield*, 548 F.2d 1341 (9th Cir 1977); *United States v. Whitehead*, 539 F.2d 1023 (4th Cir 1976). Charging multiple and unrelated conspiracies will not justify joinder of defendants in the same indictment. *Kotteakas, supra.*; *United States v. Nettles*, 570 F.2d 547, 551-552 (5th Cir 1978).

Ponzo submits that the Rivera/Wessels conspiracy was significantly larger in scope and money so as to prejudice Ponzo. On it's face, Ponzo makes a valid point. That being said, the allegations, as they concern Wessels involve a total of $410,000.00. Wessels will be asking for a bill of particulars as did Ponzo. Wessels submits that a bill of particulars will show that there were in fact more than the Rivera/Wessels conspiracy and the Rivera/Ponzo conspiracies. Wessels submits that there are additional conspiracies and had other individuals been charged in this indictment would have been subject to severance as well. The indictment appears to bear this out. Had Wessels been involved in all or part of the other $4,510,000.00 conspiracy,

4

is there any question those loans would have been identified? At this juncture, Wessels has insufficient information as to those additional loans. It is likely that in limine motions will be filed to restrict the scope of Rivera's much larger and distinct enterprise[2]. For the same reasons Wessels should not have to be tried with Ponzo, he should not have to be tried in these separate and distinct conspiracies he had nothing to do with. That Rivera is involved in many conspiracies does not make it admissible against Wessels. It is anticipated that should Rivera proceed to trial, Wessels would seek to be severed from any number of conspiracies Rivera is involved.

There is no doubt that a joint trial involving Rivera, Ponzo and Wessels will involve at least two and likely many more mini-trials to the prejudice of Wessels and Ponzo. When the government presents evidence against Ponzo and Rivera, Wessels will simply be sitting there allowing alleged evidence of fraud washing over him. There are no instructions that will wash away the prejudice to Wessels and Ponzo. Wessels recognizes it is not his place to

---

[2] It is anticipated that the government will argue that they have provided voluminous discovery allowing Wessels to know everything there is to know. The difficulty is that the production, after being reduced down, there is at least 2 TB of material and closer to 3 TB of data. Generative AI indicates that 1 TB is 1000 copies of the Encyclopedia Britannica, hundreds of movies or thousands of albums, Millions of documents or photos. Defendant has filed a motion with regard to the production.

5

champion Ponzo's position. He does so because he suffers the same fate as she suffers from a joint trial. While an indictment may have an air of validity, the court should not forget the famous quote from the New York Chief Judge Sol Wachtler that "a good prosecutor would indict a ham sandwich, if that's what you wanted". It is highly unlikely the government explained the joinder rules to the grand jury. This court has to be backstop to this type of conduct by the government.

There is also an evidential problem which arises in this matter. If the past is any indicator of the future, it is clear the government will seek to introduce co-conspirator statements. Clearly, simply based upon the structure of the indictment, Ponzo and Wessels are not co-conspirators. Does the court permit the introduction of co-conspirator statements involving the Ponzo conspiracy during the joint trial of Wessels. The same equally applies to the opposite scenario. The defendants are not left with the hope that a curative instruction cures all the ills of this often devastating evidence.

There is very little in the way of judicial economy from a joint trial. The government will prove the Rivera/Wessels bank fraud conspiracy/bank fraud/money laundering case and then prove the Rivera/Ponzo wire fraud conspiracy/wire fraud/monetary

instrument conspiracy. The perils of a joint trial do not accomplish the goals that it seeks to achieve in this case.

### THE COURT SHOULD ORDER THE GOVERNMENT TO FILE A BILL OF PARTICULARS DISCLOSING THE IDENTITY OF THE NON-OPERATING COMPANIES, THE RECRUITS AND ALL UNIDENTIFIED INDIVIDUALS SUCH AS CO-CONSPIRATORS AND OTHERS

Wessels adopts the arguments of Ponzo as they are equally applicable to him. Wessels would argue it is more important to him than Ponzo in light to the nature of the allegations against him.

The government brought this case so it is clear they understand each of the loans and various participants. The government has dropped between 2 TB and 3 TB of discovery on the defendant. They actually dropped over 10 TB of information upon the defendants which has been culled down to something under 3 TB of material. It is an overwhelming task trying to go through all the material. It is not unusual when a defendant brings these applications that the government indicates that the defendant knows who he interacted with. In this case that is equally true. Wessels cannot rely upon the information in the indictment. Wessels has no idea if the government intends on introducing evidence involving Rivera and others he has no knowledge of or any reason to be aware of who they are.

The sheer enormity of the case should not be lost on the

7

court. The indictment alleges there were 35 PPP loans which disbursed almost $5,000,000.00 to non-operating companies. (Count 1, ¶ 15) As to Wessels it indicates he created tax forms for "Recruits' Non-Operating Companies". (Count 1, ¶ 14). In Counts two through four, the government identifies four businesses Wessels prepared tax documents for and are attributed to Rivera as well. There can be no doubt that the government knows who the "Recruits" are, who the "Non-Operating Companies", and who the unindicted co-conspirators are. The defendant should not have to search and spend inordinate amounts of time attempting to identify the various participants to each alleged transaction. Disclosure of the information readily available to the government will cause the government to disclose its trial strategy or otherwise prejudice the government. It will merely allow the defendant to utilize the limited resources available to him in defending this case and allow for him to more clearly focus the defense. The Bill of Particulars allows for the defendant to prepare a defense without any detriment to the government. What prejudice is there to the government to identify the "Recruits" when presumably they are all identified in the 2 to 3 TB of discovery? What prejudice is there to the government to identify each of the "Non-Operating Companies" when presumably they are

8

presumably identified in the 2 to 3 TB discovery? What prejudice is there to the government to identify each of the "unidentified co-conspirators" when presumably they are presumably identified in the 2 to 3 TB discovery?

The problem is not limited to the three counts of substantive bank fraud but the conspiracy. The mass of discovery provided makes it nearly impossible to locate all the people. If the government provides the information, the defendant can then do targeted searches, locate the specific information and further his investigation. As it currently stands, defendant finds himself swimming in an ocean with no sight of land in preparing his defense. Clearly the government alleges one conspiracy with 35 loans and $5,000,000.00. They identify three loans totaling $410,000.00 with Mr. Wessels name tied to them (Counts 2 through 4). Defendant submits it is not too much to ask for the government to provide this basic information so defendant can adequately prepare his defense.

Respectfully Submitted

/s/ Mark W. Catanzaro

Mark W. Catanzaro